Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| Idelisa Del Valle Gutiérrez; Luis Orlando Del Valle Gutiérrez; Yarixa Soledad del Valle Gutiérrez; Susana Dilupi Gutiérrez Ballester<br><br>Apelantes<br><br>vs.<br><br>Coral Abrams Rosario; José Francisco Abrams Gutiérrez; Rafael Arturo Gutiérrez Martin; Ramón Luis Meléndez Rivera; Doe y Jane Doe<br><br>Apelados | KLAN202400693 | **APELACIÓN** procedente del Tribunal de Primer Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: VB2023CV00459<br><br>Sobre: Filiación, Impugnación de Testamento, Declaratoria de Herederos, Resarcimiento y, Daños y Perjuicios |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de septiembre de 2024.

Comparecen ante nos, Idelisa Del Valle Gutiérrez, Luis Orlando Del Valle Gutiérrez, Yarixa Soledad Del Valle Gutiérrez y Susana Dilupi Gutiérrez Ballester (en adelante, apelantes) mediante recurso de apelación en el cual solicitan la revocación de la "Sentencia" emitida el 31 de mayo de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, TPI o foro apelado). Mediante dicho dictamen, el foro apelado desestimó con perjuicio la causa de acción sobre filiación e impugnación de testamento instada por los apelantes e impuso $4,000 en pago de honorarios de abogados por temeridad.

---

[1] Notificada el 4 de junio de 2024.

Número Identificador

SEN2024 _____

Examinada la solicitud de autos, el escrito en oposición sometido por la parte apelada, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, confirmamos el dictamen del TPI por los fundamentos que expondremos a continuación.

**I.**

El 12 de junio de 2023 los apelantes presentaron "Demanda" sobre filiación, impugnación de testamento, resarcimiento y daños y perjuicios contra Coral Abrams Rosario, José Francisco Abrams Gutiérrez, Rafael Gutiérrez Martin y Ramón Luis Meléndez Rivera. (en adelante, apelados). En síntesis, los apelantes alegaron que su abuelo el Sr. Rafael Arturo Gutiérrez Torres, quien falleció en el 2015, procreó junto a su esposa la Sra. Ida Martin Rivera, tres hijos, a saber, Idali Josefa, Rafael Arturo y Diddier Luis, todos con los apellidos Gutiérrez Martin. Asimismo, alegaron que el Sr. Gutiérrez Torres procreó fuera del matrimonio a un cuarto hijo llamado Juan Enrique Vega. Añadieron los apelantes que, tanto ellos como la Sra. Idali Gutiérrez Martin reconocían al Sr. Vega como su tío y medio hermano, respectivamente, y que incluso, la Sra. Gutiérrez Martin y el Sr. Vega se sometieron a una prueba de ADN el 9 de marzo de 2017, la cual confirmó que ambos eran hijos del mismo padre.

Relataron los apelantes que el Sr. Vega estaba mentalmente incapacitado, ya que padecía de esquizofrenia y demencia, y que dichas condiciones le impedían comunicarse. Continuaron relatando que, a raíz de su condición de salud, su media hermana, la Sra. Gutiérrez Martin, le asistía en su cuidado personal diario, lo llevaba a citas médicas y le administraba alimentos. Cumplió con estas labores hasta comienzos del 2021 cuando tuvo que desistir de ser su cuidadora, y su nieta, la Sra. Coral Abrams Rosario y aquí apelada, asumió sus funciones.

Alegaron los apelantes que, fue durante dicho periodo cuando la Sra. Coral Abrams Rosario obligó al Sr. Vega a otorgar un testamento,[2] en el cual legó su caudal a la apelada, en contravención a lo dispuesto en nuestro Código Civil sobre vicios del consentimiento y validez de testamentos. Posteriormente, el Sr. Vega falleció el 5 de noviembre de 2022, sin cónyuge supérstite, descendientes ni ascendientes. Por todo lo anterior, solicitan los apelantes que se declare al Sr. Juan Enrique Vega hijo del Sr. Rafael Arturo Gutiérrez Torres y a la vez se declaré nulo el testamento otorgado por el Sr. Juan Enrique Vega.[3]

Tras varios trámites procesales impertinentes a la controversia, el 4 de diciembre de 2023, la Sra. Abrams Rosario presentó "Moción de Desestimación", a la cual se unió el Sr. José Francisco Abrams Gutiérrez el 7 de diciembre de 2023. En ésta, la apelada arguyó que procedía la desestimación del pleito por dos razones: 1) la acción se presentó fuera del término de caducidad de dos (2) años, pues dicho término comenzó a decursar a partir del 2015, cuando falleció el presunto progenitor y, 2) porque los apelantes carecen de legitimación activa, debido a que son herederos colaterales preferentes. En esencia, fundamentó lo anterior en el principio estatutario que requiere el consentimiento del hijo mayor de edad a ser reconocido, y que, en ausencia de este consentimiento, quienes vienen facultados por ley a suplirlo son los herederos legitimarios.

Por su parte, los apelantes argumentaron que están facultados para solicitar la filiación, aun luego de caducado el

---

[2] Escritura Pública Núm. 114 del 28 de octubre de 2021 ante el Notario Ramón Luis Meléndez Rivera. Señalaron que, según información y creencia, el testamento se otorgó sin la presencia de un psiquiatra o psicólogo que fungiera como testigo instrumental.

[3] En la alternativa, solicitan que se anule la institución de herederos. Piden además que la Sra. Coral Abrams Rosario resarza al caudal hereditario aquellas sumas de dinero que se hayan dilapidado y que a su vez resarza los daños que por sus actos negligentes y/o culposos causaron, por una suma no menor de $500,000.

término al amparo del Art. 559 del Código Civil, *infra,* ya que éste establece que los herederos de un progenitor pueden reconocer a un hijo incluso luego de caducada la acción filiatoria. Por tanto, alegan que sí poseen legitimación para instar la causa de acción, pues el Sr. Rafael Gutiérrez Martin, que fue acumulado en el pleito como demandado pero que realmente es parte demandante, es heredero legitimario del Sr. Rafael Arturo Gutiérrez Torres. Además, añadieron que los apelantes son nietos del Sr. Rafael Arturo Gutiérrez Torres y heredaron de sus progenitores todos los derechos y obligaciones transmisibles por estos. Con relación al consentimiento requerido, argumentaron que como el Sr. Juan Vega se sometió a una prueba de ADN se puede inferir que consintió a ser reconocido como hijo del Sr. Rafael Arturo Gutiérrez Torres.

Así las cosas, el foro apelado concluyó en su "Sentencia" del 31 de mayo de 2024 que procedía la desestimación del pleito ante ausencia de legitimación activa de los apelantes. Reconoció el TPI que el Código Civil establece, en su Art. 559, *infra,* que puede darse un reconocimiento fuera del término de caducidad provisto para ello si algún heredero del progenitor así lo hace. No obstante, el foro entendió que el Art. 560, *infra,* impone una limitación sobre el precitado reconocimiento, al establecer que el hijo mayor de edad no puede ser reconocido sin su consentimiento, y que son sus herederos legitimarios, entiéndase sus descendientes, cónyuge supérstite o ascendientes, quienes vienen facultados a prestar dicho consentimiento. Por tanto, debido a que los apelantes son el presunto medio hermano y sobrinos del hijo no filiado, entiéndase herederos colaterales preferentes y no legitimarios, carecen de legitimación. Añadió que al ser improcedente la acción de filiación, asimismo carecen de legitimación para impugnar el testamento del Sr. Vega.

Debido a dicha desestimación, el 20 de junio de 2024, los apelantes presentaron "Moción de Reconsideración". Evaluada la precitada solicitud, 20 de junio de 2024,[4] el TPI emitió una "Orden" en la cual declaró No Ha Lugar la "Moción de Reconsideración". Insatisfechos con dicha determinación, recuren ante este foro apelativo intermedio y alegan la comisión de los siguientes errores, a saber:

> *Primer Error*
> *Erró el TPI al no presumir las alegaciones bien hechas de la demanda como ciertas para adjudicar la Moción de Desestimación.*
>
> *Segundo Error*
> *Erró el TPI al determinar que los demandantes no tienen legitimación activa contrario a la ley y la jurisprudencia.*
>
> *Tercer Error*
> *Erró el TPI al determinar que los demandantes-apelantes están impedidos de solicitar la filiación de su tío por falta de consentimiento de legitimarios inexistentes.*
>
> *Cuarto Error*
> *Erró el TPI al encontrar a los demandantes-apelantes incursos en temeridad cuando el Código Civil y la jurisprudencia brindan a los demandantes la causa de acción de filiación y de impugnación de testamento y una diferencia en interpretación no constituye una ausencia total de fundamento para encontrar a un litigante incurso en temeridad.*

## II.

## A.

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, le permite al demandado solicitar que se desestime la demanda en su contra antes de contestarla. R. Hernández Colón, <u>Práctica Jurídica de Puerto Rico, Derecho Procesal Civil</u>, 5ta ed., San Juan, Lexisnexis de Puerto Rico, Inc., 2010, pág. 266. La precitada regla dispone lo siguiente:

> *Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la*

---

[4] Notificada el 21 de junio de 2024.

*concesión de un remedio; (6) dejar de acumular una parte indispensable.*

Ante una moción de desestimación, "el tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008). Asimismo, deberá interpretar las alegaciones de forma conjunta, liberal y de la manera más favorable posible en favor del demandante. *Torres, Torres v. Torres et al.*, 179 DPR 481, 502 (2010). Es decir, "[l]a demanda no deberá desestimarse a menos que se demuestre que el demandante no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar". *Aut. Tierras v. Moreno & Ruiz Dev. Corp, supra*, a la pág. 428. Ello solo aplicará a aquellos hechos alegados de forma "clara y concluyente, que de su faz no den margen a dudas". *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497, 505 (1994).

Al atender este tipo de moción, el tribunal deberá tener en cuenta que, conforme lo dispone la Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1, la demanda sólo tiene que contener "una relación sucinta y sencilla de la reclamación demostrativa de que el peticionario tiene derecho a un remedio", por lo que la norma procesal que rige establece que las alegaciones solo buscan "notificarle a la parte demandada a grandes rasgos, cuáles son las reclamaciones en su contra." *Torres, Torres v. Torres et al., supra*, a la pág. 501. Es por esto que una demanda no será desestimada, salvo que se demuestre "que el demandante no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar". *Aut. Tierras v. Moreno & Ruiz Dev. Corp, supra*, a la pág. 428. Por consiguiente, el asunto a considerar es, "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación

válida". *Pressure Vessels P.R. v. Empire Gas P.R.*, *supra*, a la pág. 505. Finalmente, este mecanismo procesal no debe ser utilizado en aquellos casos que envuelven un alto interés público, excepto que no haya duda de que, de los hechos alegados en la demanda, no es posible conceder un remedio adecuado al demandante. *Aut. Tierras v. Moreno & Ruiz Dev. Corp*, *supra*, a la pág. 429.

**B.**

En lo pertinente a la controversia que nos ocupa, el Art. 559 establece que "[u]n progenitor puede reconocer de cualquier modo al hijo", y que, en la alternativa, si el "progenitor ha muerto el derecho y la obligación de hacer tal reconocimiento se transmiten a sus herederos". 31 LPRA sec. 7105. Asimismo, dispone que sus herederos "pueden reconocer al hijo aun después de haber caducado la acción filiatoria". *Íd.*

Así, el Art. 561 del Código Civil de 2020 establece quienes son los sujetos legitimados a presentar una acción filiatoria. Dispone el estatuto que "[t]oda persona puede pedir que se declare judicialmente su estado de hijo de cualquiera de sus progenitores durante la vida de éstos. Muerto el progenitor, la acción debe incoarse contra sus herederos, dentro del plazo de dos (2) años, contados a partir de su muerte". 31 LPRA sec. 7111. El precitado artículo reconoce una excepción a dicho plazo, a saber, "si después de la muerte del progenitor aparece algún documento u otras pruebas materiales en las que se reconozca expresamente al hijo". *Íd.* De ocurrir lo anterior, la acción se puede presentar "dentro del año siguiente del hallazgo o del conocimiento de dichas pruebas". *Íd.* "Transcurridos los plazos dispuestos en el artículo anterior, la acción filiatoria caduca". 31 LPRA sec. 7112.

No obstante, dicho reconocimiento no es absoluto, pues de tratarse de un hijo mayor de edad, el Art. 560 establece que este "no puede ser reconocido sin su consentimiento". 31 LPRA sec.

7106. Añade el estatuto que "**[e]l reconocimiento del hijo ya fallecido solo surte efecto si lo consienten sus herederos legitimarios** por sí mismos o por medio de sus representantes legales". *Íd.* (Énfasis nuestro).  Finalmente, es meritorio enfatizar que el Código Civil reconoce como legitimarios solo a los descendientes, cónyuge supérstite, y en ausencia de estos, los ascendientes. 31 LPRA sec. 11162. Por otra parte, el estatuto reconoce como herederos colaterales preferentes a los hermanos y sobrinos del causante.  31 LPRA sec. 11437.

## C.

La Regla 44.1 (d) de las de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1 (d), rige lo concerniente a la imposición de honorarios de abogado.  Pertinente al caso que nos ocupa dispone lo siguiente:

> *(d) Honorarios de abogado – En caso de que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta.  En caso de que el Estado Libre Asociado de Puerto Rico, sus municipios, agencias o instrumentalidades haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia una suma por concepto de honorarios de abogado, excepto en los casos en que esté expresamente exento por ley del pago de honorarios de abogado.*

El propósito de la imposición de honorarios por temeridad es "establecer una penalidad a un litigante perdidoso que, por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconveniencias de un pleito". *Andamios de P.R. v. Newport Bonding*, 179 DPR 503, 520 (2010), citando *Fernández v. San Juan Cement Co., Inc.*, 118 DPR 713, 718 (1987).

Se entiende que un abogado, abogada o una de las partes actúa temerariamente cuando obliga a otra u otras partes a

incurrir en gastos innecesarios al presentar reclamaciones frívolas, dilatar los procesos ya instados, o crear gestiones evitables. *Marrero Rosado v. Marrero Rosado,* 178 DPR 476, 504 (2010); *Jarra Corp. v. Axxis Corp.,* 155 DPR 764, 779 (2001). Es una actitud que se proyecta sobre el procedimiento y que afecta el buen funcionamiento y la administración de la justicia. Aunque la imposición de honorarios de abogado es discrecional, "[d]eterminada la existencia de temeridad, la condena de honorarios es imperativa". *Blás v. Hosp. Guadalupe, supra*, a la pág. 334 (1998).

Ahora bien, no procede la imposición del pago de honorarios de abogado en las siguientes circunstancias, a saber: (1) cuando lo que se enuncia ante el tribunal son controversias complejas y novedosas que no han sido resueltas; (2) cuando se actúa acorde con una apreciación errónea del derecho y no hay precedentes establecidos sobre el asunto, o (3) cuando existe alguna discrepancia genuina en cuanto a quién favorece el derecho aplicable. *Santiago v. Sup. Grande*, 166 DPR 796, 821 (2006). En estas situaciones, la temeridad es inexistente. *VS PR, LLC v. Drift-Wind,* 207 DPR 253, 277 (2021). Sin embargo, **si no está presente alguna de estas circunstancias, "[l]a determinación de temeridad o frivolidad está sujeta a la sana discreción del Tribunal de Primera Instancia"**. *Torres Vélez v. Soto Hernández*, 189 DPR 972, 993-994 (2013). (Énfasis nuestro). Por ende, los tribunales apelativos sólo intervendrán con dicha determinación cuando surja un abuso de discreción.

**III.**

Argumentan los apelantes en su escrito que el foro apelado erró al no adoptar las alegaciones como ciertas al momento de adjudicar la "Moción de Desestimación", sin embargo, el pleito ante nuestra consideración no fue desestimado por insuficiencia en las

alegaciones. Por el contrario, aun considerándose todas las alegaciones a la luz más favorable y haciendo toda inferencia razonable a favor de lo apelantes, lo solicitado es improcedente como cuestión de derecho puesto que nuestro ordenamiento jurídico no legitimiza a los apelantes, quienes son presuntos herederos colaterales preferentes, a instar una acción filiatoria. Veamos.

Aun cuando el Art. 559, *supra,* establece que los herederos de un presunto progenitor están facultados para reconocer a un hijo, no podemos interpretar esta disposición del Código Civil en el vacío e ignorar lo establecido en el artículo que lo sucede. Como adelantamos, el texto del Art. 560, *supra,* es claro al establecer que **un hijo mayor de edad no puede ser reconocido sin su consentimiento**, y que posterior a su muerte, **quienes están facultados a suplir el requerido consentimiento son sus herederos legitimarios**, entiéndase sus descendientes y/o cónyuge supérstite, o en ausencia de estos, sus ascendientes. Claramente, los apelantes no están comprendidos en el texto de la ley puesto que no son herederos legitimarios, sino presuntos sobrinos y hermano del Sr. Vega, entiéndase herederos colaterales preferentes

Si bien es cierto que en nuestro país existe una política pública a favor de la filiación para que así cada hijo e hija tenga el estado civil que le corresponde, esto no exime a quien insta una acción de filiación evidenciar su legitimación para ello. Aun tomando como ciertas todas las alegaciones, y asumiendo que el Sr. Vega era hijo del Sr. Gutiérrez Torres, y por tanto tío y hermano de los apelantes, según el texto de la ley, no existe persona que pudiese suplir el consentimiento requerido, ya que el Sr. Vega carecía de cónyuge y herederos en la línea descendiente y ascendiente. Consecuentemente, y como bien concluyó el foro

apelado, si los apelantes carecen de legitimación para instar la causa de acción de filiación y por ende no pueden evidenciar su vínculo jurídico con el Sr. Vega, igualmente están imposibilitados de impugnar el testamento otorgado por éste.  Por las razones que anteceden, concluimos que la causa de acción deja de exponer una reclamación que justifique la concesión de un remedio.

Luego de discutido todo lo anterior, es evidente que el foro apelado tampoco incurrió en abuso de discreción al concluir que los apelantes presentaron una reclamación frívola. No nos encontramos ante una controversia compleja ni novedosa ni una apreciación errónea o discrepancia genuina de derecho. Al contrario, el Código Civil es claro en establecer quienes tiene legitimación activa para presentar un pleito de esta naturaleza, sin embargo, los apelantes decidieron ignorar su texto para levantar argumentos infundados. Además, con relación a la cuantía concedida, otorgamos entera deferencia al TPI en su estimación. *COPR v. SPU,* 181 DPR 299, 342-343 (2011).

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, se confirma la "Sentencia" apelada emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones